UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MAURICE D. DANIELS,

                Petitioner,

vs.                                    Case No. 3:09-cv-1161-J-37MCR

SECRETARY, DOC, et al.,

                Respondents.
_____

## ORDER

### I. Status

Petitioner is proceeding on a *pro se* Petition (Doc. #1)
(hereinafter Petition) for writ of habeas corpus pursuant to 28
U.S.C. § 2254.  The Petition challenges a 2005 state court (Duval
County) conviction for sale or delivery of cocaine within 1000 feet
of a church.  Four grounds for habeas relief are asserted in the
Petition:  (1) trial court error in failing to conduct a *Nelson*[1]
inquiry; (2) ineffective assistance of trial counsel for counsel's
failure to adopt Petitioner's *pro se* motions to suppress and
dismiss based on entrapment, resulting in an actual conflict of
interest; (3) trial court error in failing to hold a *Nelson*
hearing; and (4) trial court error in sentencing Petitioner as a
habitual felony offender, resulting in a denial of due process of
law.

_____

[1] <u>Nelson v. State</u>, 274 So.2d 256 (Fla. 4th DCA 1973).

Respondents filed an Answer in Response to Order to Show Cause (Doc. #21) (hereinafter Response) on June 8, 2011, and Exhibits in Support of Answer to Petition for Writ of Habeas Corpus (Doc. #22) on June 9, 2011.[2]   Petitioner's Response Brief Writ of Habeas Corpus 28 U.S.C. a Person in State Custody (Doc. #30) was filed on March 6, 2012.  See Order (Doc. #6).

## II.  Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court.  Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999).  No evidentiary proceedings are required in this Court.[3]  See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).  Indeed, this Court can "adequately assess [Petitioner's] claims without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## III.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA).  Under AEDPA, this Court's review "is 'greatly circumscribed and highly deferential to the state

---

[2] The Court hereinafter refers to the Exhibits as "Ex."

[3] An evidentiary hearing was conducted in the state court concerning Petitioner's claims of ineffective assistance of trial counsel.  Ex. M at 95-128.

courts.' <u>Crawford v. Head</u>, 311 F.3d 1288, 1295 (11th Cir. 2002)."

<u>Stewart v. Sec'y, Dep't of Corr.</u>, 476 F.3d 1193, 1208 (11th Cir.

2007).  "By its terms [28 U.S.C. ] § 2254(d) bars relitigation of

any claim 'adjudicated on the merits' in state court, subject only

to th[re]e exceptions." <u>Harrington v. Richter</u>, 131 S.Ct. 770, 784

(2011).

> Federal habeas relief may not be granted
> for claims subject to § 2254(d) unless it is
> shown that the earlier state court's
> decision[4] "was contrary to" federal law then
> clearly established in the holdings of [the
> United States Supreme] Court, § 2254(d)(1);
> <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120
> S.Ct. 1495, 146 L.Ed.2d 389 (2000); or that it
> "involved an unreasonable application of" such
> law, § 2254(d)(1); or that it "was based on an
> unreasonable determination of the facts" in
> light of the record before the state court, §
> 2254(d)(2).

<u>Id</u>. at 785.

"AEDPA also requires federal habeas courts to presume the

correctness of state courts' factual findings unless applicants

rebut this presumption with 'clear and convincing evidence.' §

2254(e)(1)." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473-74 (2007).

"This presumption of correctness applies equally to factual

determinations made by state trial and appellate courts." <u>Bui v.</u>

<u>Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted)

---

[4] In <u>Harrington</u>, 131 S.Ct. at 785, the Court "h[eld] and
reconfirm[ed] that § 2254(d) does not require a state court to give
reasons before its decision can be deemed to have been 'adjudicated
on the merits.'"

(citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).  Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts,[5] they must be evaluated under § 2254(d).

## IV. Timeliness

Petitioner calculates that his Petition is timely.  Petition at 14.  Respondents have not asserted that the Petition was untimely filed.  See Response.  The Court will accept Petitioner's calculation.

## V. Exhaustion and Procedural Default

There are prerequisites to a federal habeas review.  The Supreme Court of the United States, in addressing the question of exhaustion, explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (citation omitted)).  To provide the State with the necessary "opportunity," **the prisoner must "fairly present" his claim in each appropriate state court** (including a state supreme court with powers of discretionary review), thereby alerting that court to the

---

[5] The Court's evaluation is limited to examining whether the highest state court's resolution of the claim is contrary to, or an unreasonable application of, clearly established law, as set forth by the United States Supreme Court.  See Newland v. Hall, 527 F.3d 1162, 1199 (11th Cir. 2008), cert. denied, 555 U.S. 1183 (2009).

> federal nature of the claim. <u>Duncan</u>, <u>supra</u>,
> at 365-366, 115 S.Ct. 887; <u>O'Sullivan v.</u>
> <u>Boerckel</u>, 526 U.S. 838, 845, 119 S.Ct. 1728,
> 144 L.Ed.2d 1 (1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (emphasis added). In

<u>Baldwin</u>, the Supreme Court recognized a variety of ways a federal

constitutional issue could be fairly presented to the state court:

by citing the federal source of law, by citing a case deciding the

claim on federal grounds, or by labeling the claim "federal." <u>Id</u>.

at 32.

Procedural defaults may be excused under certain

circumstances: "[n]otwithstanding that a claim has been

procedurally defaulted, a federal court may still consider the

claim if a state habeas petitioner can show either (1) cause for

and actual prejudice from the default; or (2) a fundamental

miscarriage of justice." <u>Id</u>. at 890 (citations omitted). In order

for Petitioner to establish cause,

> the procedural default "must result from some
> objective factor external to the defense that
> prevented [him] from raising the claim and
> which cannot be fairly attributable to his own
> conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252,
> 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477
> U.S. at 488, 106 S.Ct. 2639). Under the
> prejudice prong, [a petitioner] must show that
> "the errors at trial actually and
> substantially disadvantaged his defense so
> that he was denied fundamental fairness." <u>Id</u>.
> at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106
> S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir.), <u>cert</u>. <u>denied</u>, 528

U.S. 934 (1999).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

## VI.   Ineffective Assistance of Counsel

Petitioner claims he received the ineffective assistance of trial counsel. Recently, the Eleventh Circuit set forth the two-pronged test for establishing ineffective assistance of counsel:

> To succeed on these Sixth Amendment claims, [Petitioner] must show both deficient performance and prejudice: he must establish first that "counsel's representation fell below an objective standard of reasonableness," *and* then that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); accord Wiggins v. Smith, 539 U.S. 510, 521–22, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); Darden v. Wainwright, 477 U.S. 168, 184, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). "The question of whether an attorney's actions were actually the product of a tactical or strategic decision is an issue of fact, and a state court's decision concerning that issue is presumptively correct." Provenzano v. Singletary, 148 F.3d 1327, 1330 (11th Cir.

1998). However, "the question of whether the strategic or tactical decision is reasonable enough to fall within the wide range of professional competence is an issue of law not one of fact." Id.

Under AEDPA, we accord deference to a state court's determinations on both Strickland prongs—performance and prejudice—so long as the state court reached the merits of the petitioner's claim, and reached both prongs of the Strickland analysis. Moreover, we are instructed to afford state court habeas decisions a strong presumption of deference, even when the state court adjudicates a petitioner's claim summarily—without an accompanying statement of reasons. Harrington v. Richter, --- U.S. ----, 131 S.Ct. 770, 780, 784, 178 L.Ed.2d 624 (2011); Wright v. Sec'y for Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002); see also Renico v. Lett, ---U.S. ----, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) ("AEDPA ... imposes a highly deferential standard for evaluating state-court rulings ... and demands that state-court decisions be given the benefit of the doubt." (citations and internal quotation marks omitted)).

Ferrell v. Hall, 640 F.3d 1199, 1223-24 (11th Cir. 2011). See Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision."), cert. denied, 544 U.S. 982 (2005).

## VII.   Findings of Fact and Conclusions of Law

### A.   Grounds One and Three

In grounds one and three, Petitioner claims the trial court erred in failing to conduct a *Nelson* inquiry.[6]  This claim was raised on direct appeal as follows:

> The trial court erred in failing to conduct a "***Nelson*** inquiry" in response to the Defendant's *pro se* pleadings claiming appointed counsel was not rendering effective assistance of counsel, thereby depriving Appellant of his rights to due process of law, equal protection, and to the assistance of counsel secured by both the Constitution of the State of Florida and the Constitution of the United States of America.

Ex. E at i.

Respondents assert that Petitioner has presented a state law claim, not a claim amounting to a constitutional deprivation.  Upon review of the pertinent case law, grounds one and three present an issue of state law, and Petitioner is not entitled to habeas relief on these grounds.

Recently, when addressing a claim concerning the lack of a proper *Nelson* inquiry, this Court said:

> Respondent contends that whether the trial court performed a proper *Nelson* inquiry is an issue of state law and provides no basis for

---

[6]  In <u>Nelson v. State</u>, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973), the court held that to protect an indigent defendant, if it appears that the defendant wishes to discharge his counsel, the trial court should make an inquiry as to the reason behind the request for discharge of counsel, and if incompetency of counsel is at issue, then inquiry should be made as to whether effective assistance is being rendered.

federal habeas relief. Respondent is correct. Federal habeas relief is not available to reexamine state decisions on its own procedural rules. Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983) (procedural rule); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1989) (sentencing guidelines); Carrizales v. Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1987) (jury instruction). Moreover, even if the trial court violated the *Nelson* rule, a violation of a state rule of procedure or of a state law is not itself a violation of the federal constitution. Engle v. Isaac, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982). No case has been cited for the proposition that the federal constitution mandates the *Nelson* procedure, and this court has found none. It must be concluded, as argued by respondent, that this is purely an issue of state law not cognizable in this court.

Mosley v. Crosby, No. 5:04-CV-233-SPM, 2006 WL 5201354, at *6 (N.D. Fla. Mar. 12, 2006). Indeed, "[t]his Court cannot make a determination regarding whether the Florida court properly abided by Florida law and conducted a proper hearing regarding Petitioner's request to discharge counsel." Scott v. Sec'y, Dep't of Corr., No. 6:09-cv-478-Orl-18KRS, 2010 WL 4116559, at *6 (M.D. Fla. Oct. 18, 2010) (citations omitted).

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

> The Eleventh Circuit has stated that only in cases of federal constitutional error will a federal writ of habeas corpus be available. See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir.1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990). The Supreme Court has often held that federal habeas relief does not lie for errors of state law. It is not the province of a federal habeas court to reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944, 112 S.Ct. 2283, 119 L.Ed.2d 208 (1992).
>
> Any complaint about the lack of a proper *Nelson* inquiry raises an issue of state law that is not cognizable in this proceeding. This claim cannot provide a basis for federal habeas corpus relief.

Ortiz v. McNeil, No. 3:09-cv-563-J-12TEM, 2010 WL 4983599, at *5 (M.D. Fla. Dec. 2, 2010).

Based on the above, grounds one and three do not present a proper basis for federal habeas relief.   See Response at 11-12. Thus, these grounds are due to be denied.

In the alternative, to the extent Petition raised and exhausted a claim of constitutional dimension, the decision of the First District Court of Appeal is entitled to AEDPA deference.   The state appellate court, on March 30, 2006, per curiam affirmed.   Ex. H. The mandate issued on April 17, 2006.   Ex. K.   The decision of the state appellate court is a qualifying decision under AEDPA.

The adjudication of the state appellate court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on grounds one and three because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### B.  Ground Two

In ground two of the Petition, Petitioner asserts his trial counsel was ineffective due to counsel's failure to adopt Petitioner's *pro se* motions to suppress and dismiss based on entrapment, resulting in an actual conflict of interest.  This claim was presented in the Rule 3.850 motion.  Ex. M at 1-27.  The trial court conducted an evidentiary hearing, and defense counsel, Matthew Shirk, testified.  <u>Id</u>. at 100-17.  Petitioner elected not to testify at the evidentiary hearing.  <u>Id</u>. at 99, 117.

In its Order Denying Motion for Post-conviction Relief, the trial court, in pertinent part, said:

> The motion raises two grounds for relief, both alleging ineffective assistance of counsel.  In Ground I, the defendant complains that counsel was ineffective because he refused to adopt the defendant's *pro se* motions which alleged entrapment as a matter of law.  The defendant contends that defense counsel did not adopt the motions because he was pressured to bring this case to trial quickly by Bill White

- 11 -

and Ann Finnell, the Public Defender and Chief Assistant Public Defender, respectively.

The only witness who gave testimony was Matthew Shirk, Esquire. Mr. Shirk testified that he did in fact raise a defense of entrapment during the trial itself, but at the pretrial stage there was no legal basis for filing any motion related to entrapment as a matter of law. He stated that there was no legal basis to file a Motion to Suppress or a Motion to Dismiss. He testified, and the trial transcript demonstrates, that the police approached Mr. Daniels on the steps of a church and asked if he would sell them drugs. He proceeded to sell them an amount of cocaine. He was arrested on the scene. Mr. Shirk testified that, while he did raise entrapment as a defense in the trial, at the defendant's request, the Motion to Dismiss and the Motion to Suppress which were proposed to him by the defendant would have constituted spurious pleadings, had he adopted them and filed them with the Court. This Court concurs. The record is devoid of the type of outrageous conduct by police officers that offends the sense of dignity and justice to the extent that their conduct violates due process.

Additionally, Mr. Shirk testified (and the record herein demonstrates), that the defendant had two prior convictions for Sale or Delivery of Cocaine at the time of his trial. His counsel was legally prohibited from raising the defense of entrapment as a matter of law by that circumstance alone.

Further, Mr. Shirk testified that he never had a conversation with Ann Finnell or Bill White about this case, and that he has never had a conversation with Bill White and Ann Finnell about resolving any case or getting any case over quickly for any reason. (T of Evid. Hrg. pg. 12, In. 25- pg. 13, In. 15.) This testimony was uncontroverted. Furthermore, the defendant's contention in this regard is illogical. If Mr. Shirk's superiors wanted the case disposed of quickly, and the facts and circumstances of the case supported a Motion to

Dismiss, filing a successful Motion to Dismiss for entrapment as a matter of law would have been a much quicker method of disposing of this case than taking it to trial. Going to jury trial is the slowest way of disposing of any case. Ground I is conclusively refuted by the record herein.

Ex. M at 129-31.

The court continued:

In Ground II, the defendant complains that there was a conflict of interest between himself and Mr. Shirk. The record herein indicates that the defendant made ten court appearances before the undersigned in this case through the date of sentencing. The recollection of the undersigned, and the record herein, both concur that not once did the defendant request to speak to the Court about a conflict with his counsel, or request that his counsel be relieved or replaced. In fact, the record of trial shows that the undersigned inquired of the defendant about his relationship with counsel just prior to the close of the trial.

"THE COURT: Mr. Daniels, you got anything you want your lawyer to do before we bring the jury back in?

THE DEFENDANT: No, sir.

THE COURT: Any complaints about what he's done?

THE DEFENDANT: No, sir.

THE COURT: Everything going the way you want him to make a trial go?

THE DEFENDANT: Went pretty fair both sides." (TT pg. 271.)

If any differences ever existed between Mr. Daniels and Mr. Shirk, they were never brought to the Court's attention, and they were clearly resolved before the date of trial.

- 13 -

When questioned about this issue, Mr. Shirk testified that, while there may have been some disagreement between himself and his client at some point, he could not specifically remember it at this time.  However, he was certain that any minor disagreements that might have existed before trial were resolved before the trial began.  His testimony, in fact, was:

> "A   What I remember about our relationship is that he sticks in my memory because he said a number of times that he thought God had brought us together.  I guess for whatever reason he was hoping that God had brought us together in order for him to be acquitted.
>
> And then I think at one time he even said after the verdict either way he through [sic] God had brought us together and he had plans to go to prison and help some other people get into Bible study and things of that nature.
>
> Q   So how would you characterize your relationship as trial approached and throughout trial?
>
> A   What I remember of Mr. Daniels we had a -- your typical attorney/client relationship.  I don't think we had any words for each other in terms of displeasure of each other.   It was a typical attorney/client relationship." (T of Evid. Hrg. pgs. 9, In. 19- pg. 10, In.10.)

As Mr. Daniels did not testify, no testimony supporting Ground II came into the hearing.

Ex. M at 131-32.

Finally, the trial court concluded:

> Additionally, the Court finds from the record that the defendant is a six-time convicted felon who is desperately seeking to evade a thirty year prison sentence.  Mr. Shirk[7] is a member in good standing of the Florida Bar whose privilege of practicing law rests on his adherence to rules which require truthfulness to all tribunals.  Mr. Shirk has no motivation for untruthfulness herein, and every motivation to be truthful.  On the other hand, the allegations of the motion must all be considered subject to the knowledge that the defendant does have an interest in the outcome of the hearing, and is a multiple convicted felon.  **Further, the defendant chose not to testify, so no sworn testimony contradicts any of Mr. Shirk's testimony.**  Ground II is conclusively refuted by the record herein.

Id. at 132 (emphasis added).

Respondents contend, however, that ground two is unexhausted and procedurally defaulted because Petitioner did not raise this claim of ineffective assistance of counsel on appeal of the denial of the Rule 3.850 motion.  Response at 12-16.  Instead, on appeal, he claimed that he was denied a fair and impartial trial due to the trial court's failure to provide a *Nelson* hearing, an entirely different issue.  Ex. N.

Exhaustion requires that an appeal be taken from the denial of a post conviction motion.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (per curiam).  A notice of appeal was filed, Ex. M at 134-35, as well as an amended appeal brief.  Ex. N.  The First

---

[7] Currently, Matt Shirk is the Public Defender for the Fourth Judicial Circuit.

- 15 -

District Court of Appeal affirmed per curiam on September 2, 2009. Ex. P.  The mandate issued on September 30, 2009.  Ex. Q.

Here, Petitioner was required to file an appeal brief because he received an evidentiary hearing on his Rule 3.850 motion.  Rule 9.141(b)(3)(C), Fla. R. App. P.  Although he filed an appeal brief, he did not brief the claim of ineffective assistance of counsel, electing to brief a different issue.  See Cortes v. Gladish, 216 Fed.Appx. 897, 899 (11th Cir. 2007) (per curiam) (not selected for publication in the Federal Reporter) (finding failure to address issues in an appellate brief would constitute a waiver only if the Petitioner received an evidentiary hearing on a Rule 3.850 motion); Rogers v. Sec'y, Dep't of Corr., No. 8:07-CV-1375-T-30TGW, 2010 WL 668261, at *53 (M.D. Fla. Feb. 19, 2010) (citing Cortes and finding Rogers waived and defaulted his claim by not briefing the claim, after receiving an evidentiary hearing on his Rule 3.851 motion in state court); Johnson v. McNeil, No. 4:08-cv-00221-MP-MD, 2009 WL 4042975, at *6 (N.D. Fla. Nov. 20, 2009) (citing Cortes for the proposition that "had the petitioner received an evidentiary hearing on his Rule 3.850 motion, his failure to address issues in his appellate brief would constitute a waiver of those issues, and they would be considered procedurally defaulted"); Williams v. McDonough, No. 8:02-CV-965-T-30MAP, 2007 WL 2330794, at *2 (M.D. Fla. Aug. 14, 2007) (not reported in F.Supp.2d) (finding Petitioner received an evidentiary hearing on his Rule 3.850 motion, and "[t]herefore, Petitioner was required to file a brief, he did file a brief, and

- 16 -

his failure to address [the grounds] in his brief constitutes a waiver of those issues.").

Upon consideration, Petitioner failed to address the issue of ineffective assistance of counsel in his appellate brief; therefore, this failure constitutes a waiver of the claim of ineffective assistance of trial counsel. Thus, ground two is unexhausted and procedurally defaulted. Petitioner has failed to show cause and prejudice, and he has failed to show that failure to address the claim on the merits would result in a fundamental miscarriage of justice.

In the alternative, to the extent the claim of ineffective assistance of counsel was properly exhausted, there was no unreasonable application of clearly established law in the state court's decision to reject the Strickland ineffectiveness claim. Indeed, the decisions of the state trial and appellate courts are entitled to deference under AEDPA.

The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground two, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceedings. <u>See</u> Response at 16-28.

### C.  Ground Four

In his fourth ground, Petitioner claims the trial court erred and subjected him to a denial of due process of law by sentencing him as a habitual felony offender. This ground simply involves a state court's interpretation and application of Florida law. Petitioner has presented a state law claim, not a claim of constitutional dimension. As a result, this ground should be dismissed. <u>See</u> Response at 29-30.

Since ground four presents an issue of state law that is not cognizable in this proceeding, this ground cannot provide a basis for habeas corpus relief. In the alternative, ground four has no merit. In its Order Denying Motion to Correct Illegal Sentence, the trial court explained:

> In his motion the defendant asserts that the prior felony conviction of Possession of Cocaine relied upon to enhance his sentence cannot be used to qualify him as an Habitual Felony Offender, thereby making the sentence imposed herein an illegal sentence. The defendant misreads Florida Statutes Chapter 775.084(1)(a)3. This section says that "The felony for which the defendant is to be sentenced, and <u>one</u> of the two prior felony conviction, is not . . . purchase or possession of a controlled substance." There is nothing illegal about using a prior conviction of Possession of Cocaine as a qualifying offense for Habitual Felony Offender status.[8]

_____

[8] Prior convictions for unarmed robbery and the possession of cocaine were utilized to classify Petitioner as a habitual felony

Ex. S at 5.  On June 12, 2009, this decision was affirmed per curiam by the First District Court of Appeal.  Ex. V.  The mandate issued on July 8, 2009.  Ex. W.

This claim was rejected on its merits by the circuit court, and upon Petitioner's appeal, the First District Court of Appeal per curiam affirmed the circuit court's order.  Thus, there is a qualifying state court decision.  This Court must next consider the "contrary to" and "unreasonable application" components of the statute.  "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."  Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, it is clear that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Accordingly, Petitioner is not entitled to relief on the basis of ground four.

### VIII.  Certificate of Appealability

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted.  See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

---

offender.  Ex. C at 12, 106-108.

This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. §2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.   See <u>Slack</u>, 529 U.S. at 484.   However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>.   Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

- 20 -

1.    The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.    If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of March, 2012.

ROY B. DALTON JR.
United States District Judge

sa 3/20
c:
Maurice C. Daniels
Ass't A.G. (Conley)
Ass't A.G. (Heller)